PARR CONSTRUCTION CO., INC., ET AL. *v.* POMER, TRADING AS POMER CONSTRUCTION CO.

[No. 281, September Term, 1957.]

*Decided July 19, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Carl W. Bacharach,* with whom were *Stahl and Bacharach* on the brief, for appellants.

*Alexander Stark,* for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellee, Jerome Pomer, trading as Pomer Construction Company (Pomer), sued the appellants, Parr Construction Co., Inc. (Parr) and Nathan Scherr, the President of Parr, individually, for the unpaid balance due under a verbal contract to perform certain excavation work and for sundry other items. None of the other items are now in dispute, and the appellee concedes that he was not entitled to a judgment against Scherr individually. In fact, after the appeal had been taken in this case, he filed an order in the trial court to "dismiss" the judgment against Scherr individually, while preserving the judgment against Parr. We shall reverse the judgment sought to be dismissed and will spend no time discussing this moot question further.

The remaining issue concerns the admissibility of an un-

signed carbon copy of a letter from Mr. Lester Matz, trading as Engineering Associates, to Parr giving his estimate of the amount of dirt excavated by Pomer pursuant to the contract at 14,340 cubic yards. A dispute had developed between Pomer and Parr as to the actual amount of the excavation. Pomer was unwilling to accept the estimate of 12,673 cubic yards made by engineers employed by Parr; Parr was unwilling to accept Pomer's estimate of 18,000 cubic yards. The contract price was 35¢ per cubic yard. The upshot of the matter was that Parr (acting through Scherr) and Pomer agreed to refer the dispute to Matz as an "impartial arbitrator", and each party agreed to pay one-half of his fee. (At the time of the trial Parr had done so, Pomer had not.)

Parr's objection to the admissibility of the letter are two: first, the best evidence rule; second, the fact that Matz was not present as a witness so as to be subject to examination or cross-examination as to his method of calculation.

The objection based on the best evidence rule is without merit. Scherr was called as a witness by Pomer and identified the unsigned carbon copy as a copy of the original letter received by him—evidently as President of Parr. A previous effort by the plaintiff to introduce the letter into evidence had been rejected, and the plaintiff then called Scherr to the stand to establish it. A carbon copy of a letter is considered to be a duplicate original, and, as such, it constitutes primary rather than secondary evidence. *Morrow v. State,* 190 Md. 559, 59 A. 2d 325; *Goodman v. Saperstein,* 115 Md. 678, 683, 81 A. 695. The genuineness of the document was fully established by the president of the defendant corporation. See *Marine Bank v. Stirling,* 115 Md. 90, 100, 80 A. 736; 32 *C. J. S., Evidence,* Sec. 788, p. 714; *Haas v. Storner,* 47 N. Y. S. 1100 (Misc.); *Fontenot v. Lloyds Casualty Insurer,* 31 So. 2d 290 (La. App.).

The objection to its admission on the ground that the author was not present to testify as to his methods of calculation is also without force. The record is scanty and the briefs do not touch what we think is the controlling question—the nature and effect of the agreement to refer the dispute to Matz.

The plaintiff, Pomer, testified that after the dispute had developed Scherr suggested using Matz as an "impartial arbitrator", that Scherr contacted Matz, that Pomer agreed, and that "[i]n order to arbitrate this I agreed to split the bill." All of this testimony came in without objection, and none of it was contradicted by Scherr when he testified, either when called by the plaintiff or when produced on behalf of the defendants. We think that this uncontradicted evidence is sufficient to show that the computation of the amount of excavation was submitted by the parties to Matz for his determination as arbitrator and that they intended and agreed that his findings should be binding.

Though it is quite true that a letter from a third person would ordinarily be hearsay and hence inadmissible (*Morrow v. State, supra*), this letter constituted the award of the arbitrator in the nature of an appraisal and its genuineness was established by Scherr. Such an award need not be in any particular form. *Ebert v. Ebert*, 5 Md. 353; 6 *Williston, Contracts,* Rev. Ed., Sec. 1928. Under these circumstances we think that the letter was admissible and that the hearsay rule does not bar its use. See *Randall v. Glenn*, 2 Gill 430, where a similar determination was held admissible as an admission by the party against whom it was offered. We may add that the question to be determined by the arbitrator was purely one of quantity. It was essentially of the same character as an appraisal.

Arbitration is favored for the settlement of disputes. See *O'Ferrall v. De Luxe Sign Co.*, 158 Md. 544, 552, 149 A. 290, and cases therein cited.

Though an award may be open to impeachment for fraud, misconduct, bias, prejudice or mistake, every reasonable intendment supports the validity of the award. *Ebert v. Ebert, supra; Roloson v. Carson*, 8 Md. 208; *Garitee v. Carter*, 16 Md. 309; 6 *C. J. S., Arbitration and Award*, § 130, p. 281; 6 *Williston, Contracts* (Rev. Ed.) § 1929 A. The burden of showing an award to be invalid rests upon the party attacking the award (6 *C. J. S., Arbitration and Award*, § 132 (b), p. 286), and ordinarily an arbitrator may not impeach his own award. 6 *C. J. S.*, same topic, § 131, p. 285. See also *State,*

544

*Use of Hickley v. Stewart,* 12 Gill. & J. 456. These rules have been followed as to awards in the nature of appraisals.

It has also been held that an award will not be set aside for any mistake of law or fact not appearing on its face. *Goldsmith's Adm'r v. Tilly,* 1 Harris & J. 361; *Witz v. Tregallas,* 82 Md. 351, 33 A. 718. We find nothing in the printed record extract suggesting such a mistake.

Also, it appears that Mr. Matz was to make his computation from data furnished by Parr's engineers. His letter so indicates and there is nothing to show or suggest that he did otherwise or that he exceeded the terms of the submission in any way.

We think that the agreement between the parties under which they submitted their dispute as to quantity to Matz for his determination amounted to an argument for arbitration in the nature of an appraisal and that the parties are bound by the result. *Dominion Marble Co. v. Morrow,* 130 Md. 255, 260, 100 A. 292. See also *Waller v. Waller,* 187 Md. 185, 193, 49 A. 2d 449, and *Continental Milling & Feed Co. v. Doughnut Corp. of America,* 186 Md. 669, 674, 48 A. 2d 447, in which this same rule is recognized. See also 6 *Williston, Contracts* (Rev. Ed.), Secs. 1919, 1927. In the latter Section of Professor Williston's work at pp. 5387-5388, it is said: "If a claim is submitted to arbitration and an award is duly made by the arbitrators, its terms are conclusive on the parties. When the award is in the nature of an appraisal and merely determines questions of fact, suit will still lie on the original cause of action, but the award, in the absence of vitiating circumstances, is conclusive evidence of the facts found." For some reason, not explained, the plaintiff here elected to sue on the original cause of action, rather than on the award, though the award was made before his amended declaration was filed. See also 6 *Corbin* on *Contracts,* Sec. 1442, p. 757; *Sanitary Farm Dairies v. Gammel,* 195 F. 2d 106, 113 (8th Circ.); *Eliot v. Coulter,* 322 Mass. 86, 76 N. E. 2d 19; *Palmer v. Clark,* 106 Mass. 373; *Audette v. L'Union St. Joseph,* 178 Mass. 113, 115, 59 N. E. 668; 1 *Poe, Pleading and Practice,* 5th Ed., Sec. 657. We think that the above rule is applicable here.

The judgment of the trial court adopted the figure of 14,400 cubic yards of excavation, instead of the 14,340 cubic yards computed by Mr. Matz. At 35¢ per cubic yard, the difference is $21. However, in arriving at the amount of the judgment, the trial court rounded off figures pertaining to sundry items then in dispute, and we do not think that any small net error which there may be in the amount of the judgment is sufficient under those circumstances to warrant revising the judgment.

> *Judgment against Nathan Scherr reversed, without a new trial, his costs to be paid by the appellee; judgment against Parr Construction Co., Inc. affirmed, the costs of its appeal to be paid by this appellant.*