555 A.2d 523

**Morris SNYDER, Individually, etc.**

**v.**

**BERLINER CONSTRUCTION COMPANY, INC.**

**No. 933, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

March 30, 1989.

Certiorari Denied July 21, 1989.

30

Alan Hilliard Legum (Legum & Henley, P.A., on the brief), Annapolis, for appellant.

Charles F. Obrecht, Jr. (Obrecht and Obrecht, on the brief), Baltimore, for appellee.

Argued before WILNER, KARWACKI and WENNER, JJ.

KARWACKI, Judge.

Morris Snyder appeals from an order of the Circuit Court for Anne Arundel County which vacated an award that had been entered in his favor by the arbitrator of his contractual dispute with the appellee, Berliner Construction Co., Inc. (Berliner). Appellant's challenge to that judgment arises under the following circumstances.

In October of 1985, Berliner agreed to perform extensive renovations to an apartment house in Annapolis owned by appellant for $256,000. Alleging defective workmanship by Berliner, appellant refused to pay the final $86,767.28 installment called for by their contract. Berliner then filed a petition to establish and enforce a mechanics' lien in the amount of the unpaid installment plus interest. Appellant answered alleging *inter alia* that his contract with Berliner

required that all claims or disputes between the parties be submitted to arbitration. After a hearing, the court on May 20, 1987, issued an order pursuant to Md.Cts. & Jud.Proc. Code Ann. § 3–209, staying all proceedings in the mechanics' lien action pending the completion of the arbitration of the parties' dispute.[1]

Appellant, by letter dated July 6, 1987, submitted the dispute to the American Arbitration Association (AAA). This letter of submission averred that the appellee's work was unacceptable and prayed for the following relief:

[T]he remedy sought by the owner through arbitration is that a finding be made by the arbitrator that the work is not substantially complete, that defective work has not been remedied, that there has been a persistent failure to carry out the work in accordance with the contract documents, and that *no money is due from the owner to the contractor.* (Emphasis supplied).

The appellant also enclosed a $500.00 check as "the administrative fee required based on the fact that *no monetary claim* is being made by the owner." (Emphasis supplied).

Berliner, on July 20, 1987, sent its "Answer and Counterclaim" to AAA, claiming that all work performed under the contract was substantially free of fault and that the disputed $86,767.28 installment was therefore due and owing. AAA then apparently advised Berliner that because the question of liability for the installment had been put in issue by the appellant's initial letter of submission, a counterclaim was unnecessary to assert any relief that Berliner was due. On this advice, Berliner withdrew its counterclaim, as indicated by a September 20, 1987 letter from the Tribunal Administrator of AAA to counsel for the parties,

---

1. Article 17, § 2 of the construction contract in relevant part provided that:

[a]ll claims and disputes between the contractor and the owner arising out of, or relating to, the contract documents or the breach thereof shall be decided by arbitration in accordance with Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

which stated in pertinent part: "This will confirm that [Berliner] wishes to withdraw [its] counterclaim but reserves the right to introduce same as a defense to the claim."

The arbitration hearing was held on October 26, 1987, and each party adduced evidence relating to appellee's performance under the contract. This evidence obviously was introduced to establish appellant's liability for the contested final installment or any part thereof. The arbitrator on December 4, 1987 issued his order and opinion granting appellant's claim that it was not liable to Berliner for the $86,767.28. In the same breath, however, the arbitrator stated that Berliner's claim was meritorious, lacking only a request for monetary relief. The arbitrator concluded that he did "not have the authority to award monies to [Berliner]" since the counterclaim in which Berliner requested such relief had been withdrawn. He nevertheless granted appellant a monetary award of $1,500.00, "in full settlement of all claims submitted."

Unsatisfied with this result, Berliner, on January 8, 1988, returned to the Circuit Court for Anne Arundel County and moved in the alternative that the original May 20, 1987 stay of its petition to enforce mechanics' lien be lifted or that the arbitrator's award be vacated. Finding the arbitrator's award "clearly irrational," the trial court (Cawood, J.) vacated the award and remanded the case to AAA for a determination of appellant's liability to Berliner, if any. In a timely appeal from that order, appellant raises the following question for our review:

Whether an arbitrator's award which specifically states that it "is in full settlement of all claims submitted to this arbitration" can be considered "completely irrational" if the losing party voluntarily withdrew a counterclaim pr[i]or to the arbitration and presented the same as a matter of defense to the action.

We shall affirm for the reasons we now explain.

The Court of Appeals in *Charles J. Frank, Inc. v. Associated Jewish Charities of Baltimore, Inc.*, 294 Md. 443, 450

A.2d 1304 (1982), succinctly defined arbitration as "the process whereby parties voluntarily agree to substitute a private tribunal for the public tribunal otherwise available to them." *Id.* at 448, 450 A.2d 1304. As the trial judge in the instant case observed in his written opinion, "The full panoplies of Court proceedings are often cumbersome and expensive, and efforts to alleviate these [burdens] are to be applauded." By affording parties an inexpensive and expedited process by which to resolve their disputes, arbitration also conserves the State's heavily taxed judicial resources. Moreover, arbitration offers the parties an opportunity to submit disputes to an arbitrator who is experienced in the parties' field of business and thus sensitive to the parties' individualized needs.

Recognizing the many benefits of consensual arbitration, the Legislature in 1965 enacted the Maryland Uniform Arbitration Act (MUAA), codified at Md.Cts. & Jud.Proc. Code Ann. §§ 3-201 through 3-234 (1984 & Supp.1988), encouraging creation and enforcement of arbitration agreements. *See Gold Coast Mall, Inc. v. Larmar Corp.,* 298 Md. 96, 103, 468 A.2d 91 (1984); *Aetna Cas. & Sur. Co. v. Ins. Comm'r,* 293 Md. 409, 421, 445 A.2d 14 (1982). We held in *Bel Pre Medical Center, Inc. v. Frederick Contractors, Inc.,* 21 Md.App. 307, 320 A.2d 558 (1974), *rev'd on other grounds,* 274 Md. 307, 334 A.2d 526 (1975), that with this legislation the "General Assembly established a policy in favor of the settlement of disputes through the arbitration process and ended the ambivalence of courts under the common law.... [S]uits to compel arbitration and suits to stay court action pending arbitration are now to be viewed as 'favored' actions." *Id.* at 320, 320 A.2d 558.

To encourage arbitration as a method of alternative dispute resolution, both the legislature and appellate courts of this State have narrowly circumscribed the scope of judicial review available upon the merits of an arbitrator's award. *Bd. of Ed. of Prince George's County v. Prince George's County Educators' Assoc., Inc.,* 309 Md. 85, 98, 522 A.2d 931 (1987) (extensive judicial review would defeat the pur-

pose of simple and inexpensive arbitration). The Court of Appeals in *Prince George's County Educators' Assoc., Inc.,* explained the rationale for giving such deference to the decisions of arbitrators:

Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation.

309 Md. at 98, 522 A.2d 931 (quoting *Burchell v. Marsh,* 17 How. 344, 349, 15 L.Ed. 96 (1854)). We similarly stated in *Southern Maryland Hospital Center v. Edward M. Crough, Inc.,* 48 Md.App. 401, 427 A.2d 1051 (1981), *cert. denied,* 290 Md. 721 (1981), that

[i]n reviewing the determination of an arbitration panel it has been held that a mere error in the laws or failure on the part of the arbitrators to understand or apply the law will not justify judicial intervention, and the courts' function in confirming or vacating a commercial award is "severely limited."

*Id.* at 407, 427 A.2d 1051 (citation omitted). *See Parr Constr. Co. v. Pomer,* 217 Md. 539, 543–44, 144 A.2d 69 (1958) ("award will not be set aside for any mistake of law or fact"). Section 3–224(c) of the MUAA, moreover, mandates that "[t]he court shall not vacate the award or refuse to confirm the award on the ground that a court of law or equity could not or would not grant the same relief." Even an arbitrator's arbitrary interpretation of a contract must generally be accepted by the courts. *O.S. Corp. v. Samuel A. Kroll, Inc.,* 29 Md.App. 406, 410, 348 A.2d 870 (1975).

Nevertheless, the legislature has empowered the courts to modify or vacate an arbitrator's award under a number

of narrowly defined circumstances. Section 3–223 of the MUAA provides that the court shall modify or correct an arbitrator's award if:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Section 3–224(b) further provides that an arbitrator's award will be vacated if:

(1) An award was procured by corruption, fraud, or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing ... as to prejudice substantially the rights of a party; or

(5) There was an arbitration agreement ..., the issue was not adversely determined in proceedings under § 3–208, and the party did not participate in the arbitration hearing without raising the objection.

■ In *O.S. Corp. v. Samuel A. Kroll, Inc., supra,* we defined when arbitrators have "exceeded their authority" under Section 3–224(b)(3) of the MUAA, thereby exposing their awards to judicial intervention. Writing for the Court, Judge Lowe adopted the following standard:

[W]hen reviewing the *fruits* of an arbitrator's award, a judge may withhold only such as were tainted by improbity or based on a completely irrational interpretation of

the contract.... [A]rbitrators "exceed their powers" when they reach a completely irrational result.

*O.S. Corp., supra*, 29 Md.App. at 408–09, 348 A.2d 870 (emphasis supplied). Put differently, arbitrators exceed their powers under *O.S. Corp.*, if, though having full power to consider the subject matter of a dispute, they issue an award which cannot be supported by any rational construction of the parties' *substantive contractual provisions.* We thus vacated the arbitrator's award to a contractor for labor costs plus a premium on those costs since the parties' contract clearly provided only for the reimbursement of bare labor costs.

　 But as the Court of Appeals made clear in the recent case of *Stephen L. Messersmith, Inc. v. Barclay Townhouse Assoc.*, 313 Md. 652, 547 A.2d 1048 (1988), arbitrators exceed their powers not only when the substance of their award lacks a scintilla of rationality,[2] but also where the award is founded upon a mistaken assertion of jurisdiction. Our courts have recognized a number of jurisdictional grounds on which an arbitration award may be set aside, including: (1) untimely demand for arbitration, *Frederick Contractors, Inc. v. Bel Pre Medical Center, Inc.*, 274 Md. 307, 314, 334 A.2d 526 (1975); (2) illegality of the parties' underlying contract, *Bd. of Ed. of Charles Co. v. Ed. Ass'n*, 286 Md. 358, 366, 408 A.2d 89 (1979); (3) nonexistence of an agreement to arbitrate disputes, *Stephen L. Messersmith, Inc., supra;* (4) nonexistence of an agreement to arbitrate particular issues, *Baltimore v. Baltimore City Fire Fighters*, 49 Md.App. 60, 65–66, 430 A.2d 99 (1981). In a case apposite to the one at hand, we held that arbitrators exceed their jurisdiction by refusing to consider all claims that are

---

**2.** *Stephen L. Messersmith, Inc.* calls into question the "completely irrational" standard of review applied in *O.S. Corp.* Writing for the Court, Judge Cole made the following observation: "Preliminarily, we note that the *O.S. Corp.* case and the 'completely irrational' standards discussed therein has never been approved by this Court." 313 Md. at 659, 547 A.2d 1048. Because our decision does not rest solely upon the "completely irrational" standard of review, we need not concern ourselves with the ramifications of that *dicta.*

properly before them. *McKinney Drilling Co. v. Mach I Ltd. Partnership,* 32 Md.App. 205, 211, 359 A.2d 100 (1976).

The main thrust of *Stephen L. Messersmith, Inc.,* however, is that threshold jurisdictional questions such as the ones noted above are subject to *de novo* review by the courts, as contrasted with the deferential scrutiny applied in *O.S. Corp.* for purely substantive issues. The Court thus opined that "an award issued by an arbitration panel acting without jurisdiction should be accorded no deference at all on appeal...." *Stephen L. Messersmith, Inc., supra,* 313 Md. at 664, 547 A.2d 1048.

With these basic principles in mind, we turn to the case before us, addressing first, the arbitrator's refusal to consider an award to the appellee. We begin by reiterating that appellant's original letter of submission to AAA requested a finding that "no money is due from the [appellant] to the [appellee]." Appellant plainly was referring to the final $86,767.28 contract installment for which appellee had earlier filed suit in the Circuit Court for Anne Arundel County. Whether the arbitrator ever resolved this issue is difficult to ascertain due to the sparse record of the arbitration proceedings and the rather obtuse opinion issued by the arbitrator when announcing his award. While the arbitrator ultimately found that appellant owed no money to appellee, the basis for this decision is at best murky. He either decided the matter on a substantive basis, concluding that the appellee's work on appellant's property was deficient, or he decided the case on a procedural basis, concluding that he lacked the jurisdiction to grant an award in response to appellee's perhaps otherwise meritorious position. In either case, we will affirm the ruling of the trial court.[3]

---

3. The trial judge apparently believed that the arbitrator never reached the merits of the case for lack of proper jurisdiction. He thus stated that

[appellant] sought a determination that it owed no money to the appellee. The arbitrator never made that determination. The issue before the arbitrator was the question of quality of work; to say

■ If the arbitrator's decision was a substantive determination, then it was completely irrational under the *O.S. Corp.* standard of review. As we earlier mentioned, the arbitrator's award denied the appellee relief, yet his written opinion proceeded to state that the appellee's position contained "merit." Such a facial contradiction approaches the height of irrationality and certainly provides an adequate basis for the trial court's remand of the case to the arbitrator.

■ If, alternatively, the arbitrator concluded that he lacked jurisdiction to grant appellee an award to which the appellee might otherwise have been entitled, then this was improper as a matter of law. *Stephen L. Messersmith, Inc. v. Barclay Townhouse Assoc., supra.* The appellant by his original submission conferred upon the arbitrator the plenary jurisdiction to assess the parties' rights and liabilities regarding the final $86,767.28 contract installment and to fashion an appropriate remedy. Indeed, there would have been no need for an arbitration had this central issue of contract liability been removed from consideration. The arbitrator apparently believed, however, that while the original submission generally empowered him to determine appellant's contractual liability, his power to grant appropriate relief could derive only from a specific request, as was contained in appellee's withdrawn counterclaim. He thus stated in his written opinion that the appellee "withdrew its counterclaim and is therefore not entitled to a monetary award."

---

that the withdrawing of the counterclaim precludes consideration of such quality is to make arbitration meaningless.

Although the court should have applied a *de novo* standard of review to this jurisdictional issue, it instead reviewed the case under the highly deferential "completely irrational" standard. This error, however, is harmless given the fact that even under the deferential standard, the court correctly found error in the arbitrator's decision. *Smith v. Warbasse,* 71 Md.App. 625, 634–35, 526 A.2d 991 (1987) (trial court's error harmless where ruling was correct). Thus, appellant suffered no prejudice as a result of the misapplied standard. *Harris v. Harris,* 310 Md. 310, 319, 529 A.2d 356 (1987).

We do not accept the arbitrator's unduly restrictive view of his jurisdiction. By failing to address the heart of the matter submitted to him, the arbitrator abdicated his responsibility to the parties of fully resolving their clearly defined contractual dispute. His power to discharge this responsibility emanated not from the appellee's withdrawn counterclaim, but from the appellant's original submission of the issue to arbitration, which remained intact throughout the proceedings. Indeed, the appellee, realizing that the issue of liability on the contract had been put squarely before the arbitrator, quite properly withdrew its counterclaim as being superfluous, raising no new arbitrable issues. Left standing was the appellee's answer, which stated simply that the appellee had substantially performed on the contract and was therefore entitled to appellant's return performance. Because this focal issue never was resolved, we agree with the trial court that the case should be remanded for a "full and complete" determination on the merits of the dispute. *McKinney Drilling Co. v. Mach I Ltd. Partnership, supra.*

■ The trial court also ruled that the arbitrator exceeded his power in granting a monetary award of $1,500.00 to appellant. We agree. The scope of the present arbitration was defined by the appellant's initial submission, which requested only a finding that "no money is due from the [appellant] to the [appellee]." The appellant additionally submitted only a $500.00 administrative fee with his submission "based on the fact that no monetary claim is being made by the [appellant]." We hold that these unambiguous statements demonstrate that the issue of appellee's liability for damages under the contract was beyond the purview of the submission which defined the arbitrator's jurisdiction.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY THE APPELLANT.