■ In the Matter of ROBERT L. ARNER, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [649 NYS2d 185] —In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (D'Emilio, J.), entered July 18, 1994, which granted the petition and denied the appellant's cross motion to vacate the award.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the appellant's contentions, a party otherwise entitled to a judicial determination of the arbitrability of a dispute may waive that right by actively participating in the arbitration (*see*, CPLR 7511 [b] [2]; *Matter of Thompson [S.L.T. Ready-Mix]*, 216 AD2d 656; *Matter of Eveready Ins. Co. v Royal Ins. Co.*, 215 AD2d 557; *Matter of Smullyan [SIBJET S. A.]*, 201 AD2d 335; *see also, Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377). Here, the appellant proceeded to appoint an arbitrator and fully participated in the arbitration, without seeking a stay on the ground that the matter was not arbitrable.

Moreover, the appellant waived any claims related to the alleged bias of an arbitrator by proceeding with the arbitration after learning of the prior relationship between the claimant's counsel and one of the arbitrators (*see, e.g., Lebis Contr. v City of Lockport*, 174 AD2d 1012; *1000 Second Ave. Corp. v Rose Trust*, 171 AD2d 429; *Matter of Lincoln Graphics Arts v Rohta/ New Century Communications*, 160 AD2d 871).

The court did not err in confirming the arbitrators' award of $300,000, notwithstanding the fact that the uninsured motorist limits of Robert L. Arner's policy were $20,000 per person and $40,000 per accident. Arner renewed his policy and increased the policy limits to $300,000 per accident on March 20, 1989. On July 1, 1989, the following amended version of Maryland Insurance Code Annot, art 48A, § 541 (c) (2) became effective: *"There shall be offered in writing* to the insured the opportunity to contract for higher amounts than those provided under Title 17 of the Transportation Article if those amounts do not exceed the amounts of the motor vehicle liability coverage provided by the policy" (emphasis supplied). It is not disputed that at no time before Arner's November 9, 1989, accident did the appellant "offer" Arner "in writing" up to $300,000 in uninsured coverage for a modest increase in premium, as was contemplated by the amended statute (*cf.,*

*e.g., Libby v Government Empls. Ins. Co.,* 79 Md App 717, 558 A2d 1236).

Maryland law provides that where a contract is in violation of a statute, one possible remedy is to reform the contract to incorporate the statutory standard and then specifically enforce the amended contract (*see, Rogers Refrigeration Co. v Pulliam's Garage,* 66 Md App 675, 505 A2d 878; *O'Keefe v Irvington Real-Estate Co.,* 87 Md 196, 39 A 428). The arbitrators had plenary jurisdiction to impose such a remedy in the instant case (*see, e.g., Snyder v Berliner Constr. Co.,* 79 Md App 29, 555 A2d 523; *see also, Hastings v United Pac. Ins. Co.,* 318 NW2d 849 [Minn]; *cf., Jacobson v Illinois Farmers Ins. Co.,* 264 NW2d 804 [Minn]), and their award is in other respects supported by evidence in the record (*see, Caso v Coffey,* 41 NY2d 153). We note, for example, that an official DMV investigation disclosed that Arner was entirely without fault in the happening of the accident, and even the arbitrator chosen by the appellant conceded that Arner's injuries warranted a $300,000 recovery. Moreover, as the Supreme Court correctly found, the appellant's belated discovery of a form signed by Arner, "waiving" an increase in his uninsured motorist benefits in connection with an earlier policy, which was never submitted to the arbitrators, does not constitute a sufficient ground upon which to vacate an arbitration award (*see,* CPLR 7511 [b]; *Karlan Constr. Co. v Burdick Assocs. Owners Corp.,* 166 AD2d 416). Copertino, J. P., Pizzuto and Friedmann, JJ., concur.

McGinity, J., dissents and votes to reverse the order and judgment, on the law, deny the petition, and grant the cross motion to the extent of reducing the arbitration award to $20,000, with the following memorandum: While the overall purposes of arbitration are no doubt salutary and laudable, this proceeding illustrates some of the pitfalls of the arbitral process. For the reasons that follow, the arbitration award should be modified to limit the petitioner's recovery to $20,000, the policy limit provided by the terms of his uninsured motorist coverage.

In 1985, Liberty Mutual Insurance Company (hereinafter Liberty) issued an automobile insurance policy to the petitioner, Robert L. Arner, at his Maryland address. The policy contained uninsured motorist coverage for bodily injury with limits of $20,000 per person. Pursuant to Maryland law, Liberty offered to increase the petitioner's uninsured coverage to $100,000 per person but by letter dated January 21, 1987, the petitioner turned down this offer. In late 1987, the petitioner's policy was amended to eliminate an existing arbitration clause

contained in the 1985 policy. On November 9, 1989, the petitioner was injured in an automobile accident in Southampton, New York, by a motor vehicle with insurance limits of $10,000 per person and $20,000 per accident. Pursuant to Maryland law this vehicle is considered "uninsured" (see, Maryland Insurance Code Annot, art 48A, § 541 [c] [2] [i]). One month later Liberty paid the petitioner for the loss of his car and cancelled the policy.

In May 1991, Liberty initially responded to the petitioner's notice to make a claim pursuant to the uninsured motorist coverage by stating that the petitioner did not have coverage. Thereafter, on October 21, 1991, Liberty issued a letter correcting its position stating that the uninsured motorist coverage would apply to this claim in the policy amount of $20,000.

On November 3, 1992, the petitioner filed a demand for arbitration against Liberty with the American Arbitration Association and claimed $20,000 in damages under the uninsured motorist provisions of his policy, although he failed to provide a copy of the clause providing for arbitration by the American Arbitration Association. Liberty, however, stated that a three-arbitrator panel was required by its policy and selected, as was its right, one of the arbitrators.

Liberty then moved for a stay of arbitration, asserting that the petitioner's claim was premature. This motion was denied by the Supreme Court, Suffolk County, in an order dated February 19, 1993.

The dispute was thereafter submitted to three arbitrators. At the scheduled December 16, 1993, arbitration hearing, the petitioner for the first time sought to increase his demand for $20,000 in uninsured motorist benefits to $300,000, contending that pursuant to a change in Maryland law, insurance carriers writing policies for auto insurance in the State of Maryland must offer to their insureds, for an increased premium, uninsured motorist coverage equal to the amount of liability insurance. Liberty asserted that any award should not exceed the $20,000-per-person policy limit for uninsured motorist benefits and further asserted that the American Arbitration Association was not authorized to conduct the arbitration.

The matter proceeded to arbitration and two of the three arbitrators awarded the petitioner $300,000, less the amount recovered "by the underlying insurance".

Liberty posited a number of arguments in support of its claim that the award should be vacated, among them, that it did not waive its objections to the arbitration, that there was no agreement to submit the arbitration to the American

Arbitration Association, that the Supreme Court erred in confirming the award in excess of $20,000 plus interest from the date of the accident, and that one of the arbitrators was not qualified to serve. (The arbitrator selected by the petitioner was a disbarred lawyer and the petitioner's attorney previously was employed by that arbitrator.)

I am constrained by previous decisions of this Court to agree that Liberty waived its right to challenge the arbitration of the dispute by actively participating in the arbitration. Liberty further waived its claims regarding the bias of one of the arbitrators since the record shows that Liberty learned of the arbitrator's possible conflict prior to proceeding with the arbitration. I conclude, however, that the arbitration award of $300,000 should be reduced to the policy limits for uninsured motorist coverage.

As noted, the petitioner's policy contained a $20,000 uninsured motorist coverage provision and, indeed, the petitioner's initial claim for arbitration contained a $20,000 demand. It was only at the scheduled hearing of the matter that the petitioner for the first time sought to increase the demand to $300,000 based upon a Maryland statute, effective July 1989, that required insurers to offer to their insureds the opportunity to contract for uninsured endorsements equal to the liability coverage "available". The statute was subsequently amended in 1992 to provide that unless waived, the amount of uninsured motorist coverage under a policy of private passenger motor vehicle insurance shall be equal to the amount of liability coverage provided under the policy (Maryland Insurance Code Annot, art 48A, § 541 [g] [1]).

In my view, Liberty's failure to present proof of such a waiver at the arbitration did not warrant the $300,000 award, as there has been no evidence offered as to the conditions regarding waiver which the statute actually required of the insurer at the time of the loss, i.e., November 1989. The arbitrators' apparent application of the 1992 amendment to the facts in this case was totally irrational and achieved an inequitable result.

Since Liberty could not have sought a stay of arbitration on the ground that the damages sought under the policy were excessive, Liberty was required to await the outcome of the arbitration (cf., Matter of Allstate Ins. Co. v Olsen, 222 AD2d 579; Matter of Nationwide Mut. Ins. Co. [Miller], 95 AD2d 961). Recognizing that the scope of judicial review of an arbitrator's award made in excess of his or her authority is limited (see, CPLR 7511 [b] [1] [iii]; Rochester City School Dist. v Rochester

*Teachers Assn.*, 41 NY2d 578, 582), and that arbitrators are not bound to abide by substantive rules of law (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629), I conclude that the arbitrators exceeded their power in awarding an amount in excess of the amount available under the uninsured coverage of the policy and for that reason the amount awarded, i.e. $300,000, should be reduced to $20,000, the policy limit for uninsured motorist coverage (*cf., Matter of Valente v Prudential Prop. & Cas. Ins. Co.*, 77 NY2d 894; *Matter of Allstate Ins. Co. v Silver*, 225 AD2d 690; *Matter of Mele v General Acc. Ins. Co.*, 198 AD2d 731).