In the Matter of the Application 
 of Geico Indemnity Insurance Company, Respondent, 
against
Global Liberty Insurance Company of NY, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered July 2, 2014. The order granted a petition to confirm an arbitration award and denied a cross petition to vacate the arbitration award.




ORDERED that the order is affirmed, without costs.
Geico Indemnity Insurance Company (Geico) commenced this proceeding, pursuant to CPLR 7510, to confirm an arbitration award rendered against Global Liberty Insurance Company of NY (Global) in the principal amount of $25,000. Respondent filed a cross petition to vacate the award. The record indicates that, on August 9, 2011, Michael McCrae, a pedestrian, slipped and fell in a parking lot and was subsequently struck by a motor vehicle which left the scene and which was allegedly owned by Global's insured. On February 6, 2013, Geico, pursuant to an agreement between the parties providing for their participation in uninsured motorist arbitration, commenced inter-company arbitration against Global to recover $25,000 which Geico had paid to McCrae on his uninsured motorist claim. Global contended that it had disclaimed coverage on August 31, 2012, based upon its insured's noncooperation and late notice. Following an arbitration hearing on April 12, 2013, the arbitrator ruled in favor of Geico, finding that Global had not sustained its disclaimer of coverage, and issued an award to Geico in the principal sum of $25,000. In an order entered July 2, 2014, from which Global appeals, the Civil Court granted Geico's petition to confirm the arbitration award and denied Global's cross petition to vacate the arbitration award.
We disagree with Global's contention on appeal that the arbitrator's award "lacked any rational or evidentiary basis, was inherently unfair and that the arbitrator's decision was against the weight of the evidence." Judicial review of an arbitrator's award is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006]). Generally, an arbitration award can be vacated by a court only upon the narrow grounds set forth in CPLR 7511 (b). While decisional law imposes closer judicial scrutiny of an arbitrator's determination in a compulsory arbitration proceeding (see Motor Vehicle Accident Indemnification Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]), where, as here, the arbitration was consensual, a more deferential standard of review applies. 
An arbitration award may be vacated pursuant to CPLR 7511 (b) (1) (iii) where an arbitrator "exceeded his [or her] power," which has been interpreted as including only three [*2]narrow grounds: if the award is clearly violative of a strong public policy; if it is totally or completely irrational; or if it clearly exceeds a specifically enumerated limitation on the arbitrator's power (see Matter of Reddy v Schaffer, 123 AD3d 935 [2014]; Matter of Erin Constr. & Dev. Co., Inc. v Meltzer, 58 AD3d 729, 729 [2009]). Global, acknowledging the narrow scope of review under this provision, failed to establish that the arbitrator's award violated public policy, was completely irrational, or exceeded a specifically enumerated limitation on the arbitrator's power. Although Global contends that there was no evidentiary support for the award, we note that the only evidence submitted to the arbitrator regarding Global's receipt of "late notice" of the accident was Global's August 31, 2012 denial of coverage letter. The arbitrator, who found that Global's evidence of disclaimer omitted information regarding when the loss had been reported to Global or how many attempts had been made to contact the insured or the driver, rejected the evidence based upon insufficiency. The additional evidence submitted by Global to the Civil Court, in support of vacatur, which evidence was not submitted at the arbitration hearing, may not be considered (see e.g. Matter of Arner v Liberty Mut. Ins. Co., 233 AD2d 321 [1996]).
In light of the fact that Global failed to demonstrate the existence of any of the statutory grounds for vacating the arbitrator's award (see CPLR 7511 [b] [1]), we find that the Civil Court did not err in granting Geico's petition to confirm the award and in denying Global's cross petition to vacate the award. Accordingly, the order is affirmed.
We incidentally note that a proceeding to confirm an arbitrator's award is a special proceeding brought pursuant to CPLR article 4 (see e.g. Matter of Merkin v Berman, 130 AD3d 434 [2015]). A special proceeding must terminate in a judgment, not an order (see CPLR 411).
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 08, 2016