LOUIS COHEN, Respondent, *v.* MORRIS H. ROTHSCHILD and
BERNARD E. HYMAN, Respondents.

EDWARDS H. CHILDS, Referee, Appellant.

First Department, May 31, 1918.

**Reference — fees of referee — when referee entitled to intervene
and to be heard on taxation of costs — amount of fees approved.**

A referee appointed to hear and determine and who by stipulation of parties
is to receive a certain sum per hour for his services, is entitled to be
heard upon a motion to retax costs, where his fees as originally taxed
were reduced by about one-half, for he is a party aggrieved.

*Held,* that the amount of the referee's fees as charged by him was entirely
reasonable irrespective of the stipulation of the parties.

APPEAL by Edward H. Childs, referee, from an order of
the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New
York on the 27th day of March, 1918, as resettled by an
order entered in said clerk's office on the 1st day of April,
1918, denying his motion to open an order and for leave to
be heard upon defendants' motion to retax costs by reducing
the item of the referee's fees.

*Edwards H. Childs,* for the referee, appellant.

*Edward D. Brown,* for the plaintiff, respondent.

*Osmond K. Fraenkel,* for the respondents.

SHEARN, J.:

This is an appeal by a referee, appointed herein to hear
and determine, from an order denying his motion to review
the retaxation of costs herein which reduced the amount of
the referee's fees from the sum of $3,305 to the sum of $1,800.
The retaxation of costs was upon the motion of the defendants,
without notice to the referee, and upon the ground that the
amount of the referee's fees was unreasonably high. The
referee made a motion for leave to be heard upon a rehearing
of the defendants' motion retaxing the costs, but his motion
was denied. The fees of the referee were originally taxed
pursuant to a stipulation in the record fixing his compensation
at $10 an hour. No question has been made but that the

referee actually spent upon hearing and determining the case the number of hours represented by his bill. No attempt is made to impugn the good faith of the referee, who is a lawyer of the highest standing, but it is argued that he spent more time in deliberating upon the case than he reasonably should have. This claim is based in part upon the contention that one branch of the case, seriously considered by the referee, was obviously without merit, and that on another branch of the case the referee proceeded upon a theory of his own which was later rejected by this court. This is a very insecure basis upon which to hold that the time of the referee was injudiciously spent, for if it should subsequently happen that the views of the referee were upheld by the Court of Appeals it would then appear that his time had been very well employed. This case was a very difficult one and the trial of the troublesome questions involved necessarily consumed much time. It was a case requiring careful study and deliberation on the part of the referee after the case was closed. Taking all of the elements into consideration, together with the amount involved, the fee charged appears to have been entirely reasonable irrespective of the deliberate stipulation of the parties. The right of the referee to intervene on the retaxation and to prosecute his appeal is challenged, but there can be no doubt that the referee, who was summarily and without any opportunity to be heard deprived of $1,500 of his fee, is a party aggrieved and entitled to a hearing before any such order can be finally effective. We are of the opinion that the learned justice at Special Term erred in practically cutting in two the referee's agreed compensation, which had been duly taxed, without giving the referee an opportunity to be heard, and that his fee as originally taxed was entirely proper.

The order denying his motion to review the taxation of costs is reversed, with ten dollars costs and disbursements, and his motion to review the retaxation and reinstate and tax as his fees the sum of $3,305 is granted.

DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.