■ In the Matter of NORTHERLY CORP., Respondent, v. HERMETT REALTY CORPORATION, Appellant.— Order, entered on May 22, 1962, unanimously affirmed on the law and on the facts, with $20 costs and disbursements to

respondent. The umpire, as evidenced by his letter written to the attorneys of the parties on the filing of his oath of office, was fully agreeable to the holding of hearings with the taking of testimony. The appellant's attorneys thereupon, in reply to the letter from the umpire, stated that "we would prefer that you held formal hearings on the question of valuing the building pursuant to the terms of the lease, but if you do not do so, we would expect to submit affidavits on this subject after you have had an opportunity to inspect the building." It appears on the record here, that thereafter, the appellant did completely submit its case on basis of an appraisal report, affidavit, chart, cost indexes, letters and miscellaneous data claimed by it to be relevant and did present its arguments by way of letters. Then, when the umpire announced that he did not deem it necessary that he hold formal hearings, the appellant awaited the award of the umpire before it protested the umpire's failure to hold hearings. Under the circumstances here, we conclude that the appellant may not complain that formal hearings were not held. It has waived its rights, if any, in this regard. (*Wiberly* v. *Matthews,* 91 N. Y. 648.) We have examined the other points urged by the appellant as ground for vacating the award of the umpire, and also find no merit in them. All parties before the court contend that the allowance to the umpire for his services is excessive. Some, but not all of us agree. But the umpire was not served with the notice of appeal, and, under the circumstances, his fee should not be reduced without giving him an opportunity to be heard. (*Cohen* v. *Rothschild,* 183 App. Div. 439.) Some of us, but not a majority, would modify the order appealed from to remand the matter to Special Term for further consideration as to the allowance, after notice to all parties. A majority of the court, however, are of the opinion that, inasmuch as no notice of appeal was served on the umpire, the quantum of his fee is not properly before the court (see 8 Carmody-Wait, New York Practice, p. 597; *Hobart* v. *Hobart,* 86 N. Y. 636; cf. *Matter of Dubinsky* v. *Joseph Love, Inc.,* 295 N. Y. 968). The parties have not briefed or argued the question of whether or not the failure to serve the notice of appeal on the umpire precludes their right to question his fee, and, of course, the umpire is entitled to be heard on this question. Therefore, without reaching and passing upon this question or the quantum of the fee, we affirm the order appealed from without modification but without prejudice to an application by any party to Mr. Justice GAVAGAN for readjustment of the fee. (Cf. *Hancox* v. *Meeker,* 95 N. Y. 528; *Kearney* v. *McKeon,* 85 N. Y. 136, 141.) This is also without prejudice to a determination upon such application of the effect of the failure to make the umpire a party to the appeal. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.