■ In the Matter of STATE WIDE INSURANCE COMPANY, INC., Appellant, v STEPHEN KLEIN, Respondent. — In a proceeding to disqualify proposed arbitrators, petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Vitale, J.), dated April 5, 1984, as denied its motion to remove respondent's designee as an arbitrator.

Judgment affirmed, insofar as appealed from, with costs.

It is clear that a party-designated arbitrator who will serve on a tripartite panel of arbitrators cannot be disqualified, as a matter of law, because of partiality; in fact, the arrangement itself was conceived so as to allow each party the opportunity to

have his side represented on the tribunal (*Matter of Astoria Med. Group [Health Ins. Plan]*, 11 NY2d 128, 134). Nor will the arbitrator's personal knowledge of the facts relating to the controversy provide a ground upon which to remove the designee so long as the relationship has been fully disclosed to the opposing party (*Matter of Siegel [Lewis]*, 40 NY2d 687, mot for rearg den 41 NY2d 901).

In the case at bar, there is no question that the rules of the American Arbitration Association, by which the parties had to abide in this dispute involving a claim under an automobile insurance policy, provided, *without qualification,* that each party may timely select his own arbitrator when there has been a request for a tripartite arbitration. Concededly, both parties timely exercised that right after petitioner indicated by letter that it preferred the panel over one neutral arbitrator. It is difficult to ignore respondent's assertion in his brief that the propriety of petitioner's motives may be questionable since petitioner has similarly designated its own counsel as an arbitrator.

We have examined petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.