■ In the Matter of LINCOLN GRAPHIC ARTS, INC., Respondent, v ROHTA/NEW CENTURY COMMUNICATIONS, INC., Appellant.—In a proceeding to confirm an arbitration award, Rohta/New Century Communications, Inc. appeals from (1) an order of the Supreme Court, Nassau County (Roberto, J.), entered November 4, 1988, which granted the petitioner's application to confirm the award and denied its cross application to vacate the award, and (2) a judgment of the same court, entered November 7, 1988 upon the order, which is in favor of the petitioner and against it in the principal sum of $22,321.68.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The parties to this proceeding entered into a commercial agreement which provided that disputes arising under the contract would be submitted to arbitration. When such a dispute arose, the parties agreed to submit the matter to arbitration. On the day of the scheduled hearing, the appellant's attorney was unable to attend because of illness and his associate appeared and requested an adjournment instead. The arbitrator asked the parties to forego the hearing and submit the matter on written documentation of stipulated exhibits and hearing memoranda to which both sides agreed. The arbitrator ruled in favor of the petitioner and the petitioner moved to confirm the award. The appellant cross-moved to vacate the award on the grounds that the arbitrator was biased and that it was error for him to refuse an adjournment or a hearing.

A party who knows of a relationship between his adversary and the arbitrator and nevertheless assents to the choice of that arbitrator waives his right to later object *(Matter of Siegel [Lewis],* 40 NY2d 687; *Matter of State Wide Ins. Co. v Klein,* 106 AD2d 390). Furthermore, a party that has facts that would reasonably prompt further limited inquiry has a responsibility to ascertain the potentially disqualifying facts *(Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123, 129).

In this proceeding the arbitrator told the appellant on the day of the hearing that he knew the petitioner's attorney from a previous matter. The appellant's attorney discussed the matter with the absent partner in charge of this litigation over the phone, and all parties then agreed to allow the arbitrator to continue with the case. Thus, the appellant waived its right to object to the choice of the arbitrator, and its claim of bias, put forth after the rendering of an adverse award, is untimely *(see, Matter of Cross Props. [Gimbel Bros.],* 15 AD2d 913, 914).

The appellant's second contention that the award should be vacated because the arbitrator failed to grant its reasonable request for adjournment or failed to follow correct procedure is unfounded. The arbitrator, by denying the adjournment, did

not foreclose the presentation of evidence *(see, Matter of Griffin v Ayash,* 125 AD2d 226, 227; *Matter of Reale [Healy N. Y. Corp.],* 54 AD2d 1039, 1040). Rather, the parties agreed to forego or waive a formal hearing and to submit their claims on written submissions and documentation. Therefore, the appellant had ample opportunity to present all the necessary evidence by written submission at a later date *(Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 192; *Matter of Northerly Corp. v Hermett Realty Corp.,* 17 AD2d 610). Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.