■ In the Matter of James A. Smith Contracting, Inc., Respondent, v Norman Stahl, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered May 8, 1989, which, upon confirming the award, is in favor of the petitioner and against the appellant in the amount of $149,993.72.

Ordered that the judgment is affirmed, with costs.

The parties to the proceeding were also parties to a construction contract giving rise to a dispute over payment for, and the quality and completeness of, the appellant's work. They then submitted the dispute to arbitration. During the course of the arbitration proceeding, which spanned several months and 14 separate hearings, it allegedly came to the appellant's attention that 1 of 3 arbitrators made improper comments in the presence of a nonparty which demonstrated bias about the disputed work. Although the appellant unsuc-

cessfully sought to question the arbitrators about the details of the alleged conversation, he made no formal accusation of bias, made no written protest as required by the Construction Industry Arbitration Rules governing the arbitration, and did not call as a witness the person to whom the improper remarks were allegedly made, although that witness was available. The appellant nonetheless argues that, in addition to other alleged instances of misconduct, the failure of the arbitrator to disclose the details of the alleged conversation warrants vacatur of the award ultimately made in the petitioner's favor.

The appellant has, under the circumstances presented here, waived the right to object to the arbitration award on the ground that the arbitrator failed to disclose the details of the alleged conversation (cf., *Matter of Stevens & Co.*, 34 NY2d 123, 129; *Rose v Travelers Ins. Co.*, 118 AD2d 844; *Matter of Cheek v Chubb & Son*, 70 AD2d 622). In any event, the appellant has failed to sustain his burden of demonstrating the existence of any misconduct prejudicing his rights or the integrity of the arbitration process (see, CPLR 7511 [b] [1] [i]; [2] [i]; cf., *Matter of Goldfinger v Lisker*, 68 NY2d 225; see also, *Matter of Wiener Furniture Co.*, 90 AD2d 875). Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.