■ In the Matter of SALCO CONSTRUCTION COMPANY, INC., Respondent, v LASBERG CONSTRUCTION ASSOCIATES, INC., Appellant. [671 NYS2d 289] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated October 16, 1996, the appeal is from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered January 17, 1997, which granted the petitioner's motion to confirm the award.

Ordered that the judgment is affirmed, with costs.

Pursuant to a contract made in the spring of 1995, the petitioner Salco Construction Company, Inc. (hereinafter Salco), a subcontractor, and the appellant Lasberg Construction Associates, Inc. (hereinafter Lasberg), a general contractor, entered into a written agreement whereby Salco was to do masonry construction work to rebuild a fire-damaged structure in Dobbs Ferry, New York. They agreed to submit to arbitration any controversy arising out of the agreement.

In October 1995, Salco walked off the job, claiming contract violations. Lasberg moved to compel arbitration under the contract provisions. Salco counterclaimed, arbitration ensued, and the arbitrator awarded Salco the relief it demanded in its counterclaim. Salco commenced this proceeding to confirm the award. The Supreme Court granted the petition. Lasberg contends, *inter alia*, that the award rendered by the arbitrator is totally irrational and should be vacated. We disagree.

An arbitration award should not be vacated unless it is violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see, Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146; *Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907; *Maross Constr. v Central N. Y. Regional Transp. Auth.*, 66 NY2d 341, 346; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). An arbitrator is not bound to abide by the principles of substantive law or rules of procedure which govern the traditional litigation process (*see, Matter of Sprinzen [Nomberg]*, 46 NY2d 623). Arbitrators do not even have to make findings, specify the formula used in calculating the award, or indicate the bases for the award (*see, Matter of Reddick & Sons v Carthage Cent. School Dist. No. 1*, 91 AD2d 1182). Moreover, arbitrators do not have to justify their awards. It must merely be evident upon a reading of the record that

there exists a rational basis for the award (*see, Caso v Coffey*, 41 NY2d 153). On the record before us, we find no basis to vacate the award.

Lasberg's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.