◼ In the Matter of WESTMINSTER CONSTRUCTION, INC., Respondent, v PECONIC BAY GOLF, L. L. C., Appellant. [732 NYS2d 352] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Peconic Bay Golf, L. L. C., appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered January 12, 2001, which confirmed the arbitration award dated July 7, 2000.

Ordered that the judgment is affirmed, with costs.

The appellant contends that the arbitration award must be vacated because it was not issued within the time specified in the parties' contract. We disagree. CPLR 7507 contains no pro-

vision that a late arbitration award is rendered unenforceable once a written objection is timely made. To vacate the arbitration award on the ground that the arbitrator failed to adhere to the parties' contractual time limitation, the appellant was required to demonstrate that it suffered prejudice as a result of the delay (*see,* CPLR 7511 [b] [1]; *Matter of Jones v Progressive Cas. Ins. Co.,* 237 AD2d 358; *Matter of Security Unit Empls. v State of New York, Dept. of Correctional Servs.,* 236 AD2d 546; *Matter of Bermudez v New York City Tr. Auth.,* 186 AD2d 738; *Matter of Akers v New York City Tr. Auth.,* 172 AD2d 749, 751; *Matter of Rockland Community Coll. Fedn. of Teachers v Board of Trustees,* 142 AD2d 732, 733). The appellant's conclusory assertion of prejudice is insufficient to warrant vacatur of the arbitration award.

The appellant's remaining contentions are without merit. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.