■ In the Matter of ANN SQUIRE, Respondent, v GEORGE HENSCHEL, Appellant. [768 NYS2d 664]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from an order of the Supreme Court, Westchester County (Barone, J.), entered October 24, 2002, which, inter alia, granted the petition and denied the appellant's motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the petition is denied, and the proceeding is dismissed.

The petitioner waived her right to object to the arbitration award on the ground that the arbitrator did not take the oath required under CPLR 7506 (a) by participating in the arbitration proceeding without demanding that the arbitrator take the oath (*see* CPLR 7506 [f]; *Matter of Penn Cent. Corp. [Consolidated Rail Corp.]*, 56 NY2d 120, 127 [1982]; *Wally v Cameron Indus.*, 179 AD2d 548 [1992]; *Lebis Contr. v City of Lockport*, 174 AD2d 1012 [1991]; *Matter of Institute of Intl. Educ. [Permanent Mission of Spain to United Nations]*, 118 AD2d 433, 435-436 [1986]; *Morgan Guar. Trust Co. of N.Y. v Solow*, 114 AD2d 818, 822 [1985], *affd* 68 NY2d 779 [1986]).

Although the petitioner admittedly was aware of the arbitrator's alleged bias (*see* CPLR 7511 [b] [ii]) prior to the hearing, she waived this claim by continuing to participate in the proceeding (*see Matter of Arner v Liberty Mut. Ins. Co.*, 233 AD2d 321 [1996]; *Matter of Smith Contr. v Stahl*, 162 AD2d 688, 689 [1990]; *Matter of Lincoln Graphic Arts v Rohta/New Century Communications*, 160 AD2d 871, 872 [1990]; *cf. Matter of Siegel [Lewis]*, 40 NY2d 687, 690-691 [1976]).

"An arbitration award should not be vacated unless it is violative of a strong public policy, is totally irrational, or clearly

exceeds a specifically enumerated limitation on the arbitrator's power. . . . Moreover, arbitrators do not have to justify their awards. It must merely be evident upon a reading of the record that there exists a rational basis for the award" (*Matter of Salco Constr. Co. v Lasberg Constr. Assoc.,* 249 AD2d 309, 309-310 [1998]). The record establishes that the award was supported by a rational basis (*cf. Caso v Coffey,* 41 NY2d 153, 158 [1976]).

The petitioner's remaining contentions are without merit. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.