■ In the Matter of ISAAC RAITPORT et al., Appellants, v SALOMON SMITH BARNEY, INC., et al., Respondents. [870 NYS2d 414]—

In May 2003 the petitioners initiated an arbitration claim before the National Association of Securities Dealers, Inc. (hereinafter NASD), against the respondents, Salomon Smith Barney, Inc. (hereinafter SSB), and CIBC World Markets Corp., also known as CIBC Oppenheimer & Co., Inc. (hereinafter CIBC). The petitioners alleged that the respondents' brokers failed to protect the value of their investments, which the petitioners had held in nondiscretionary brokerage accounts. Just before the actual hearings began, at the request of SSB, and over the petitioners' objection, the NASD Director of Arbitration removed one of the arbitrators from the panel assigned to hear the petitioners' claims. Another panel member recused himself, two new members were appointed, and the arbitration proceeded before the reconstituted panel. At the conclusion of the arbitration, the arbitrators denied the petitioners' claims in their entirety. The petitioners then commenced the instant proceeding, inter alia, pursuant to CPLR article 75 to vacate the arbitration award, contending that removal of the arbitrator had violated NASD rules 10308 and 10312 and impaired the integrity of the arbitration process. The Supreme Court denied the petitioners' motion to vacate the award and granted the cross motion of SSB to confirm the award. In the order appealed from, the Supreme Court, upon renewal and reargument, adhered to its original determination. We affirm the order insofar as appealed from.

Even accepting the petitioners' contention that the NASD Director of Arbitration removed the arbitrator in contravention of NASD rules 10308 and 10312, "a mere failure to follow contractual procedures does not constitute a ground for the vacatur or modification of an award pursuant to CPLR 7511" (*Matter of Rockland Community Coll. Fedn. of Teachers, Local 1871, AFT, AFL-CIO v Board of Trustees of Rockland Community Coll.*, 142 AD2d 732, 732-733 [1988]; *see Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d 617, 617-618 [2007]; *Matter of Westminster Constr. v Peconic Bay Golf*, 288 AD2d 231, 232 [2001]). The petitioners also have not set forth any grounds to vacate the award pursuant to Federal Arbitration Act § 10

(*see* 9 USC § 10 [a] [3]; *International Chem. Workers Union v Columbian Chems. Co.*, 331 F3d 491, 497 [2003]; *United House of Prayer for All People of the Church on the Rock of the Apostolic Faith v L.M.A. Intl., Ltd.*, 107 F Supp 2d 227, 232 [2000]; *Roche v Local 32B-32J Serv. Empls. Intl. Union*, 755 F Supp 622, 624 [1991]).

The petitioners waived their objection that the reconstituted panel was unqualified or biased against them by not objecting when they learned of the arbitrators' alleged lack of qualification or bias (*see Brook v Peak Intl., Ltd.*, 294 F3d 668, 673-674 [2002]; *Health Servs. Mgt. Corp. v Hughes*, 975 F2d 1253, 1263 [1992]; *Matter of J. P. Stevens & Co. [Rytex Corp.]*, 34 NY2d 123, 129 [1974]; *Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d 617 [2007]; *Matter of Reilly v Progressive Ins. Co.*, 5 AD3d 776 [2004]; *Matter of Squire v Henschel*, 2 AD3d 737 [2003]; *Matter of Rothman v RE/MAX of N.Y.*, 274 AD2d 520 [2000]; *Matter of Meehan v Nassau Community Coll.*, 243 AD2d 12, 18-19 [1998]; *Matter of James A. Smith Contr. v Stahl*, 162 AD2d 688 [1990]).

Since the petitioners failed to establish the applicability of any of the grounds enumerated in CPLR 7511 or Federal Arbitration Act § 10 (9 USC § 10) for vacating an arbitration award, upon renewal and reargument, the Supreme Court properly adhered to the original determination denying the motion to vacate the award and granting the cross motion to confirm the award (*see Matter of Meehan v Nassau Community Coll.*, 243 AD2d 12 [1998]). Ritter, J.P., Dillon, McCarthy and Leventhal, JJ., concur.