■ In the Matter of Rose Glatzer, Appellant, v Jay Glatzer et al., Respondents. [905 NYS2d 607]—

In a consolidated proceeding, inter alia, pursuant to CPLR article 75 to vacate an arbitration award dated October 6, 2006, and action for a divorce and ancillary relief, the petitioner/plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Thomas, J.), dated May 8, 2008, as denied her petition and confirmed the award, and granted that branch of the respondent/defendant's cross motion which was for an award of costs and for the imposition of a sanction pursuant to 22 NYCRR 130-1.1, to the extent of directing both the petitioner/plaintiff and her attorney to each pay a sanction in the sum of $1,000.

Ordered that the appeal by the petitioner/plaintiff from so much of the order as granted that branch of the respondent/defendant's cross motion which was for an award of costs and for the imposition of a sanction pursuant to 22 NYCRR 130-1.1, to the extent of directing her attorney to pay a sanction in the sum of $1,000, is dismissed, as the petitioner/plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the respondent/defendant's cross motion which was for an award of costs and the imposition of a sanction pursuant to 22 NYCRR 130-1.1, to the extent of directing the petitioner/plaintiff to pay a sanction in the sum of $1,000, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs and disbursements.

The petitioner/plaintiff wife and the respondent/defendant husband, who were separated, agreed to arbitrate "all disputes between" them before a rabbinical court, or Beth Din, including, among other things, issues of equitable distribution, child support, maintenance, and "all related matters stemming out of [their] marriage." As relevant here, the Beth Din issued an award, dated October 6, 2006, and the wife commenced this proceeding to vacate it. The Supreme Court, inter alia, denied the petition, confirmed the award, and granted that branch of the husband's cross motion which was for an award of costs and the imposition of a sanction pursuant to 22 NYCRR 130-1.1, to the extent of directing the wife and her attorney to each pay a sanction in the sum of $1,000.

The wife contends that the Supreme Court should have

vacated the arbitration award dated October 6, 2006, on the ground that one of the rabbis on the Beth Din was not a neutral arbitrator. However, the record indicates that the parties agreed to appoint the members of the Beth Din by "Zabla," in which each party selected one arbitrator, and the two appointed arbitrators then selected a third neutral arbitrator as the presiding member of the panel (*see Zeiler v Deitsch,* 500 F3d 157, 160-161 [2007]; *Berg v Berg,* 20 Misc 3d 1142[A], 2008 NY Slip Op 51823[U] [2008]). "The law recognizes the practical reality that, in a standard tripartite arbitration each party's arbitrator is not individually expected to be neutral" (*Matter of Meehan v Nassau Community Coll.,* 243 AD2d 12, 17 [1998] [internal quotation marks omitted]). The wife failed to establish that the arbitrator designated by the husband engaged in misconduct warranting vacatur of the award (*see Matter of State Wide Ins. Co. v Klein,* 106 AD2d 390, 390-391 [1984] ["It is clear that a party-designated arbitrator who will serve on a tripartite panel of arbitrators cannot be disqualified, as a matter of law, because of partiality; in fact, the arrangement itself was conceived so as to allow each party the opportunity to have his side represented on the tribunal"]).

Further, the wife waived any claims related to the alleged bias of an arbitrator by proceeding with the arbitration after learning of the relationship between the husband's counsel and the arbitrator (*see Matter of Raitport v Salomon Smith Barney, Inc.,* 57 AD3d 904, 906 [2008]; *Matter of Reilly v Progressive Ins. Co.,* 5 AD3d 776, 777 [2004]; *Matter of Arner v Liberty Mut. Ins. Co.,* 233 AD2d 321 [1996]). Moreover, the wife failed to establish that the arbitrators barred her attorney from the arbitration hearing on March 2, 2006. The record reveals that the wife's counsel chose not to attend that hearing (*see Matter of Griffin v Ayash,* 125 AD2d 226, 227 [1986]).

The Supreme Court improvidently exercised its discretion in granting that branch of the husband's cross motion which was for an award of costs and the imposition of a sanction pursuant to 22 NYCRR 130-1.1, to the extent of directing the wife to pay a sanction in the sum of $1,000 (*see Wagner v Goldberg,* 293 AD2d 527, 528 [2002]).

The wife's remaining contentions are without merit. Covello, J.P., Florio, Miller and Eng, JJ., concur.