In the Matter of CHESKIL SHIMON, Respondent-Appellant, v HERMAN SILBERMAN, Also Known as ZVI ELIMELACH SILBERMAN, et al., Appellants-Respondents. [940 NYS2d 277]—

The appeal from the intermediate order dated May 13, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated May 13, 2010, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court did not err in confirming the subject arbitration award, in denying the motion of Herman Silberman,

also known as Zvi Elimelach Silberman, and Chaim Silberman (hereinafter together the appellants), to dismiss the petition, and in denying their cross petition to vacate the award. An arbitration award may be vacated pursuant to CPLR 7511 (b) (1) (iii) on one of three grounds: that it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation of the arbitrator's power (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123 [2010]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Tsikitas v Nationwide Ins. Co.*, 33 AD3d 928, 929 [2006]). Here, contrary to the appellants' contention, the award was not irrational (*see Matter of Miro Leisure Corp. v Prudence Orla, Inc.*, 83 AD3d 945, 946 [2011]; *Shnitkin v Healthplex IPA, Inc.*, 71 AD3d 979, 981-982 [2010]; *Matter of Salco Constr. Co. v Lasberg Constr. Assoc.*, 249 AD2d 309 [1998]). Further, under the circumstances, in issuing the final arbitration award, the arbitrators did not exceed an enumerated limitation on their power by improperly modifying a prior award (*see* CPLR 7509, 7511 [c]; *see also Matter of Meisels v Uhr*, 79 NY2d 526, 535 [1992]).

Moreover, as the Supreme Court properly determined, the appellants failed to demonstrate that the award should be vacated based on the alleged inconsistency of the award with Not-For-Profit Corporation Law § 720-a, as no such inconsistency was shown to exist (*see Bernbach v Bonnie Briar Country Club*, 144 AD2d 610, 611 [1988]; *see also Matter of Metrobuild Assoc., Inc. v Nahoum*, 51 AD3d 555, 557 [2008]).

The appellants' contention regarding a purported violation of the right to counsel is without merit, as the record does not show that the appellants were denied the right to be represented by an attorney at law at the arbitration proceedings (*see* CPLR 7506 [d]). There is no merit to the appellants' contention that the right to counsel at an arbitration proceeding encompasses the right to be represented by a religious representative (*id.*). The appellants' contention regarding the alleged improper service of a copy of the arbitration award was properly rejected by the Supreme Court, as the appellants failed to allege any prejudice stemming from the manner of service, nor is any prejudice apparent from the record (*see Matter of Westminster Constr. v Peconic Bay Golf*, 288 AD2d 231 [2001]; *Matter of Jones v Progressive Cas. Ins. Co.*, 237 AD2d 358 [1997]).

Upon confirmation of an arbitrator's award, interest should be awarded from the date of the award (*see Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield,*

*Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Matter of Curtis Lbr. Co., Inc. [American Energy Care, Inc.]*, 81 AD3d 1225 [2011]; *Matter of County of Westchester v Doyle*, 43 AD3d 1055, 1056 [2007]) or, where an arbitration award "provides for payment within a certain time period," interest should be awarded from the expiration of that period (*Matter of Meehan v Nassau Community Coll.*, 242 AD2d 155, 160 [1998]). Accordingly, we modify the judgment to award interest from September 15, 2008, the date on which the payment period expired. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.

Motion by the appellants-respondents on appeals from two orders of the Supreme Court, Kings County, dated December 21, 2009, and May 13, 2010, respectively, and on an appeal and cross appeal from a judgment of the same court entered June 1, 2010, to strike Point II of the respondent-appellant's reply brief on the ground that the respondent-appellant improperly raises arguments for the first time in reply. By decision and order on motion of this Court dated April 12, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is,

Ordered that the motion to strike Point II of the respondent-appellant's reply brief is granted, and that portion of the respondent-appellant's reply brief has not been considered in the determination of the appeals and cross appeal. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur. **[Prior Case History: 26 Misc 3d 910.]**