■ In the Matter of ABRAHAM PILLER et al., Respondents, v MOSHE SCHWIMMER, Appellant. [22 NYS3d 572]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated June 26, 2007, Moshe Schwimmer appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 25, 2013, which, in effect, granted the petition and confirmed the award.

Ordered that the order is affirmed, with costs.

By agreement dated December 28, 1999, Moshe Schwimmer borrowed the sum of $1 million from the petitioner David Piller (hereinafter Piller) to be paid back within one year. Piller and Schwimmer agreed that in the event that a dispute arose as a result of the agreement, Isaac Sternheim and Jacob Herskovits would be the arbitrators of that dispute.

Schwimmer failed to repay the loan within one year. Schwimmer also owed Piller the sum of $500,000 in connection with an unrelated transaction. Schwimmer and Piller agreed that Schwimmer would turn over 50% of his interest in property he owned, known as the Fallsburg Estates, in lieu of paying Piller the approximately $1.5 million he owed him. At the time that these negotiations were ongoing, Schwimmer and Piller decided that purchasing and developing additional properties, known as the Tennis Estates and the Golf Estates (hereinafter together the Tennis/Golf Estates), would be a good business investment. Piller paid the purchase price of the Tennis/Golf Estates and all expenses related to their development.

By agreement dated May 7, 2001, Schwimmer and Piller agreed that in the event that there were "controversies" between them, they would present the matter to Sternheim and Herskovits, as arbitrators, and would accept whatever decision they made.

A handwritten agreement dated November 19, 2001, between Schwimmer and Piller, provided, in pertinent part, that "[i]f [the] original parcel [Fallsburg Estates] is lost (due to foreclosure or other reason) and Piller's portion is not delivered to him free of encumberances [sic], then Schwimmer's ownership or non-ownership of the second parcel [the Tennis/Golf Estates] will be ascertained and determined by Sternheim & Herskovits."

In or about November 2005, Piller requested that Schwimmer start paying his share of the purchase price of the Tennis/Golf Estates and the expenses, and to compensate Piller for all the work that he was performing. Schwimmer and Piller met with Sternheim and/or Herskovits many times over the years.

On June 26, 2007, the arbitrators issued an interim arbitration award. The only provision disputed by Schwimmer is the "Cash Award" provision, which requires that Schwimmer pay Piller the total sum of $500,000. If Schwimmer failed to pay the $500,000 to Piller, then Piller would become the owner of a 100% interest in the Tennis/Golf Estates.

Piller and his son, David Piller, commenced this CPLR article

75 proceeding to confirm the arbitration award. In his answer, Schwimmer asserted, inter alia, that the arbitrators were not impartial and exceeded their authority in issuing the "Cash Award" portion of the award. Schwimmer moved to vacate the arbitration award, arguing that the arbitrators were not impartial due to certain alleged business connections they had to Piller.

Thereafter, the matter was referred to a Judicial Hearing Officer to hear and report with recommendations as to whether the interim arbitration award should be confirmed or vacated. A hearing was held before a Special Referee on May 31, July 31, and August 16, 2012.

Following the hearing, the Special Referee, in a report, determined, with respect to Schwimmer's claim that the arbitrators were partial, that Schwimmer knew of the relationships and transactions between the arbitrators and Piller and nevertheless proceeded with the arbitration, and that Schwimmer's testimony to the contrary lacked credibility. The Special Referee found that Schwimmer waived any objection based on bias or lack of impartiality, noting that Schwimmer only complained about the relationships after the arbitrators issued their interim award, "which nevertheless appears to be fair considering all the circumstances of this case."

In an order dated April 25, 2013, the Supreme Court adopted the report and its recommendations and, therefore, confirmed the arbitration award and, in effect, granted the petition. Schwimmer appeals. We affirm.

Pursuant to CPLR 7511 (b) (1) (ii), an arbitration award may be vacated if the rights of a party were prejudiced by the partiality of the arbitrator (*see Matter of Reddy v Schaffer*, 123 AD3d 935, 936 [2014]). An arbitrator designated by parties to a private contract may have a preexisting business or social relationship with a party to the contract, and that fact, without more, is not sufficient to disqualify the arbitrator—particularly where that relationship is known by the "other side" (*Matter of Siegel [Lewis]*, 40 NY2d 687, 690 [1976]). Indeed, if the parties so agree, the relationship of an arbitrator to the party selecting the arbitrator or to the matters in dispute will not disqualify the arbitrator (*see id.* at 690). Thus, where a party becomes aware of a relationship between an arbitrator and the other party or to the matters in dispute that could lead to bias, if the party continues to participate in the arbitration, the party has waived his of her right to object to the award on this ground (*see Matter of Glatzer v Glatzer*, 73 AD3d 1173, 1175 [2010]; *Matter of Raitport v Salomon Smith Barney, Inc.*, 57 AD3d 904,

906 [2008]; *Matter of Reilly v Progressive Ins. Co.*, 5 AD3d 776, 777 [2004]; *Matter of Arner v Liberty Mut. Ins. Co.*, 233 AD2d 321 [1996]).

"As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility. A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor" (*Last Time Beverage Corp. v F & V Distrib. Co., LLC*, 98 AD3d 947, 950 [2012] [citations omitted]; *see Matter of Farmers Ins. / Truck Ins. Exch. v Terzulli*, 112 AD3d 628, 628 [2013]). Here, we discern no basis in the record to disturb the Special Referee's findings, including those related to Schwimmer's credibility.

To the extent that Schwimmer argues on appeal that Sternheim was biased because he had a direct interest in the matter in dispute, this claim is improperly raised for the first time on appeal and, in any event, is without merit (*see Matter of Siegel [Lewis]*, 40 NY2d at 689-690).

Schwimmer's remaining contentions are without merit.

Accordingly, the Supreme Court properly, in effect, granted the petition and confirmed the award. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.