Appeal and cross appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 13, 2014. The order, insofar as appealed from, denied those branches of the plaintiff’s motion which were to reject a referee’s report dated September 23, 2013, made after a hearing to determine the validity of service of process, finding that service of process was not properly effected upon the defendant Mark Joseph, and for leave to enter a default judgment against that defendant, and granted the cross motion of the defendants Mark Joseph and South Island Medical Associates to confirm the referee’s report and to dismiss the complaint insofar as asserted against the defendant Mark Joseph pursuant to CPLR 3211 (a) (8). The order, insofar as cross-appealed from, failed to recite that the action insofar as asserted against the defendant Mark Joseph is severed.
 

 Ordered that the cross appeal by the defendants Mark Joseph and South Island Medical Associates is dismissed, as they are not aggrieved by the order cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,
 

 Ordered that the order is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the defendants Mark Joseph and South Island Medical Associates.
 

 In this action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff attempted to effect service upon the defendant Mark Joseph pursuant to CPLR 308 (2), by delivering the summons and complaint to an individual of suitable age and discretion at his actual place of business. After conducting a hearing to determine the validity of service of process upon Joseph, the referee issued a report dated September 23, 2013, finding that the plaintiff failed to establish that the address where the summons and complaint were served was Joseph’s actual place of business and that service of process was not properly effected upon him. The plaintiff appeals from so much of an order of the Supreme Court dated August 13, 2014, as denied those branches of his motion which were to reject the referee’s report and for leave to enter a default judgment against Joseph, and granted the cross motion of Joseph and the defendant South Island Medical Associates to confirm the referee’s report and to dismiss the complaint insofar as asserted against Joseph pursuant to CPLR 3211 (a) (8).
 

 “Where a referee’s findings are supported by the record, the court should confirm the referee’s report and adopt the recommendation made therein” (Shen v Shen, 21 AD3d 1078, 1079 [2005]; see Varriano v Steering Wheel Rentals, Inc., 73 AD3d 756, 756 [2010]). A referee’s credibility determinations are entitled to deference on appeal because he or she had the opportunity to see and hear the witnesses and observe their demeanor (see Matter of Piller v Schwimmer, 135 AD3d 766, 769 [2016]; Galasso, Langione & Botter, LLP v Galasso, 89 AD3d 897, 898 [2011]). Here, contrary to the plaintiff’s contention, the Supreme Court properly confirmed the referee’s finding that the plaintiff failed to establish that the address where the summons and complaint were served was Joseph’s actual place of business, as this finding was supported by the record.
 

 The plaintiff’s remaining contentions are either without merit or not properly before this Court.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.