U.S. Bank N.A. v Kaur (2019 NY Slip Op 08593)





U.S. Bank N.A. v Kaur


2019 NY Slip Op 08593


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02863
2018-02864
 (Index No. 3530/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Satya Kaur, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph B. Teig of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Satya Kaur appeals from (1) a decision of the Supreme Court, Kings County (Richard N. Allman, Ct. Atty. Ref.), dated September 14, 2017, and (2) an order of the same court (Noach Dear, J.), dated October 20, 2017. The order, upon the decision, denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order of reference and a judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On March 10, 2014, the plaintiff commenced this action against the defendant Satya Kaur (hereinafter the defendant), among others, to foreclose a mortgage secured by certain real property located in Brooklyn. On March 19, 2014, the defendant was served with process pursuant to CPLR 308(1). After the defendant defaulted in appearing in the action or answering the complaint, the plaintiff moved for an order of reference. By order dated October 23, 2015, the Supreme Court, inter alia, granted the plaintiff's unopposed motion and referred the matter to a referee to compute the amount due and owing under the loan. In February 2016, the plaintiff moved, in effect, to confirm the referee's report and for a default judgment of foreclosure and sale. The court granted the plaintiff's unopposed motion and issued a judgment of foreclosure and sale dated April 8, 2016.
By order to show cause dated December 13, 2016, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the order of reference and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The Supreme Court referred the matter to a referee for a hearing to determine the validity of service of process. After a hearing, at which the process server, the defendant, and the defendant's husband testified, the referee issued a decision dated September 14, 2017, which [*2]determined that the defendant had been validly served. By order dated October 20, 2017, the Supreme Court, upon the referee's decision, denied the defendant's motion.
"As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility. A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor" (Last Time Beverage Corp. v F & V Distrib. Co., LLC, 98 AD3d 947, 950 [citation omitted]; see Chambliss v University Group Med. Assoc., 155 AD3d 996, 997; Matter of Piller v Schwimmer, 135 AD3d 766, 769). Although there was conflicting hearing testimony as to whether the summons and complaint were personally delivered to the defendant at her residence, the referee's determination to credit the process server's testimony over the defendant's testimony was substantially supported by the record, especially since the defendant made statements in a prior affidavit that were inconsistent with her hearing testimony and with what was depicted in a photograph produced by the plaintiff. We discern no basis in the record to disturb the referee's finding.
The documents comprising the plaintiff's Exhibit 5 should not have been admitted into evidence because they were not properly certified or authenticated, and were not supported by a factual foundation sufficient to demonstrate their admissibility as business records (see CPLR 4518[a]; 4539[b]; Werner v City of New York, 135 AD3d 740, 741). However, their admission into evidence was harmless since the referee's determination is supported by other substantial evidence in the record (see Scordus v Route Brokers, 298 AD2d 573, 574).
Accordingly, we agree with the Supreme Court's determination, upon the referee's decision, to deny the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the order of reference and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court